**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 22-4009

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

YUSUF NIAM HASSINE ROBINSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:21-cr-00144-CCE-1)

———————

Submitted:  August 18, 2022                              Decided:  August 22, 2022

———————

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Ashley E. Waid, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yusuf Niam Hassine Robinson pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Robinson to 78 months' imprisonment and 3 years of supervised release. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but asking this court to review the reasonableness of the selected sentence. Although informed of his right to file a pro se supplemental brief, Robinson has not done so. The Government declined to file a brief. We affirm.

We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the defendant's Sentencing Guidelines range. *Id.* If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record confirms the procedural reasonableness of Robinson's sentence. At sentencing, the district court correctly calculated Robinson's advisory

2

Guidelines range, to which Robinson did not object. The district court also heard witness testimony and afforded the parties an opportunity to argue for an appropriate sentence and Robinson an opportunity to allocute. The district court then weighed the § 3553(a) factors it deemed most relevant and provided a reasoned explanation for the chosen sentence. And because our review of the record did not yield anything that undermines the presumption of substantive reasonableness afforded the selected within-Guidelines sentence, we also conclude that Robinson's sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Robinson, in writing, of the right to petition the Supreme Court of the United States for further review. If Robinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*